UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBIN MURPHY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-5566 |
| ALCATEL-LUCENT USA INC., ET AL. | SECTION "N" (5) |

### ORDER AND REASONS

In this action, Plaintiff Robin Murphy ("Murphy") sued Defendants for damages arising from his alleged occupational exposure to asbestos-containing materials between 1964 and 2000.[1] During that time, Murphy was employed by Defendants Bellsouth and AT&T at various locations owned, leased, or operated by them in and around New Orleans, Louisiana.[2] He worked in varying roles including, but not limited to, frameman, installer, switchman, foreman, electronics technician, and computer system maintenance.[3] Following Murphy's death, Carolyn Murphy, Murphy's surviving spouse, and his children (collectively, "Plaintiffs") were added as plaintiffs.[4]

Following the Court's denial of Plaintiffs' previously filed motion for remand,[5] Defendants Rohm and Hass Company ("RH") and Honeywell International, Inc. ("Honeywell") filed

---

[1] *See* Third Amended Complaint ("TAC"), Rec. Doc. 47, ¶ 28.

[2] *Id.* at ¶29 ( "Hancock/Riverside office[,] White Hall office, Seabrook office, Michoud office, Chalmette office, Pointe a La Hache office, Delacroix office, St. Bernard office, Yscloskey office, Metairie Road office, Poydras office, and Hammond office").

[3] *Id.* at ¶28.

[4] *Id.* at ¶¶ 20-22.

[5] *See* Rec. Doc. 40.

the two motions to dismiss presently before the Court.  Having carefully considered the parties' submissions, the record in this matter, and applicable law, **IT IS ORDERED** that the motions to dismiss (Rec. Docs. 58 and 76) are **DENIED** for the reasons stated herein.

Plaintiffs allege that Murphy's mesothelioma was caused by occupation exposure to various asbestos-containing products that Defendants Alcatel-Lucent and/or AT&T distributed or manufactured for use in his work at Bellsouth and AT&T facilities.[6]  Plaintiffs attribute that exposure to products that RH, Allied Chemical, and other defendants "manufactured, sold, designed, supplied, distributed, mined, milled, relabeled, resold, process, applied, or installed,"[7] and/or "supplied, distributed, applied, installed, removed, or manipulated."[8]  More specifically, Plaintiffs allege that Defendants RH and Allied Chemical "manufactured and/or supplied asbestos-containing phenolic molding compounds" to Defendants Alcatel-Lucent and/or AT&T. [9]

RH's motion to dismiss (Rec. Doc. 58), filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, contends that *in personam* jurisdiction over it is lacking because Plaintiffs' allegations are impermissibly "general" and "conclusory," and because it "has never owned or operated a business that manufactured or sold asbestos-containing phenolic molding compounds."[10]  Thus, RH argues that "it would be impossible for Robin Murphy's claims to have 'arisen out of' or 'relate to' a product that [RH] has never manufactured or sold," such that Plaintiffs have not and can

---

[6]   *See* TAC, Rec. Doc. 47, ¶ 31.

[7]   *See* Rec. Doc. 47, ¶35;  *Id.* at ¶36.

[8]   Plaintiffs' claims against Honeywell are asserted against it as "successor-in-interest to Allied Chemical Corporation ("Allied Chemical")."  *See*  Rec. Doc. 47, ¶13.

[9]   *Id.* at ¶¶ 40 and 44 (emphasis added).

[10]   *See* Rec. Doc. 58-1, pp. 3 and 18.

not satisfy their burden of establishing the existence of personal jurisdiction.[11]  In support of these assertions, RH points to several affidavits from current and former RH employees denying the existence of asbestos in resins and/or other products produced by RH during their respective terms of employment.[12]

If the affidavits submitted by RH are correct, Plaintiffs seemingly will not easily establish the factual connexity necessary for specific personal jurisdiction to exist.  At the same time, however, is not apparent that Plaintiffs have thus far had adequate access to pertinent information known or held by only one or more of the defendants, and/or been in a position to test the credibility and knowledge of the affiants on which RH has relied.  For that reason, considering the preliminary posture of this matter, and the nature of the evidentiary showing made, RH's motion, as stated above, is denied.[13]  **IT IS FURTHER ORDERED** that Plaintiffs shall have sixty (60) days to conduct jurisdictional discovery.[14]

Unlike RH's motion, Honeywell's motion to dismiss (Rec. Doc. 76) is not asserted on personal jurisdiction grounds.  Rather, it was filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and asserts that Plaintiffs have failed to allege facts sufficient to state a legally viable claim against it.  Specifically, Honeywell contends:

---

[11]     *Id.*, p. 18.

[12]     *See* Rec. Doc. 58-2, pp. 1-7.

[13]     This ruling is without prejudice to RH's right to re-urge its request for dismissal (by properly supported motion) upon completion of this preliminary discovery.

[14]     The parties are to confect a mutually acceptable limited discovery schedule that will ensure that the necessary discovery is completed within this time period.  They likewise are to promptly seek the assistance of the assigned magistrate judge with discovery disputes that cannot be amicably resolved in a timely manner.

>    The Third Amended Complaint contains boilerplate language and conclusory allegations, but provides no specific facts or details regarding Honeywell's liability in this matter, nor does it demonstrate that plaintiffs have a factual basis for their claims.
>
>    No facts are pled identifying the brand, trade name, product number, product identifier, or other description of the molding compound(s) allegedly sold by Allied to Alcatel-Lucent or AT&T. No facts are plead which demonstrate that Plaintiffs have any evidence that the alleged molding compounds contained asbestos instead of cellulose, wood, glass, fiberglass, or other non-asbestos filler materials more commonly used by Allied in the manufacture of molding compounds.
>
>    No facts are plead identifying the end-product(s) allegedly manufactured by Alcatel-Lucent and/or AT&T utilizing Allied molding compound(s). In fact, plaintiffs' Third Amended Complaint does not even generically describe the type of products allegedly manufactured by Alcatel-Lucent and/or AT&T with Allied molding compound(s).
>
>    No facts are plead regarding the dates of manufacture, location of manufacture, or any other manufacturing details that might take the guesswork out of the operative pleading.
>
>    No facts are plead indicating the manner, method, or circumstances of any alleged exposure to friable asbestos as the result of the handling of end-product molded components that were manufactured using Allied molding compounds that may or may not have been asbestos-containing.
>
>    In sum, plaintiffs have alleged no specific facts to support the conclusion that Honeywell caused or contributed to Robin Murphy's alleged exposure to asbestos and/or asbestos-containing products, or any resulting injuries. For the reasons more fully discussed below, Honeywell's motion should be granted, and plaintiffs' claims against Honeywell should be dismissed.[15]

On the present showing made by Honeywell, it is not apparent to the Court that Plaintiffs necessarily would or should have known or had access to the entirety of the specific

---

[15] *See* Rec. Doc. 76, pp. 3-4.

information referenced by Honeywell at the pleading stage of this proceeding.  Thus, as set forth above, Honeywell's motion to dismiss is also denied. On the other hand, at least some of this information is likely now known, or is such that Plaintiffs have (or should have) a reasonable basis for believing further investigation and discovery will provide the requisite evidentiary support.[16]

Accordingly, to facilitate Defendants' preparation of responsive pleadings and to streamline and focus discovery and motion practice in this matter, **IT IS FURTHER ORDERED** that Plaintiffs are to file a Fourth Amended Complaint, no later than fifteen (15) days from entry of this Order and Reasons, providing a more detailed explanation of the specific factual bases for their claims against Defendants to this action.[17]  The Fourth Amendment Complaint is to address, at a minimum:

(1) to the best of Plaintiffs' present knowledge, information, and belief, the approximate order and time period(s) during which Murphy worked at various facilities set forth in paragraph 29 of the Third Amended Complaint;

(2) to the best of Plaintiffs' present knowledge, information, and belief, the approximate order and time period(s) during which Murphy worked in the varying roles set forth in paragraph 28 of the Third Amended Complaint, as well as a brief description of the alleged asbestos-containing products to which Murphy would have been exposed in the course of each of those roles and the manner in which that exposure likely occurred;

---

[16]  *See* Fed. R. Civ. P. 11(b)(3)(filing attorney's certification regarding evidentiary support for factual assertions in pleadings).

[17]  In short, the Fourth Amended Complaint is intended to provide a more definite statement of the factual bases for the claims asserted herein as contemplated by Rule 12(e) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(e).

(3) to the best of Plaintiffs' present knowledge, information, and belief, the alleged role and connection of Defendants relative to the phenolic molding compounds bearing the trade names PLENCO, DUREZ, and ROGERS referenced in paragraph 31(c) of the Third Amended Complaint; and

(4) to the best of Plaintiffs' present knowledge, information, and belief, the factual bases for Plaintiffs' assertions that phenolic molding compounds *not* bearing the trade names identified in paragraph 31(c) of the Third Amended Complaint, i.e., PLENCO, DUREZ, and ROGERS, were manufactured and/or supplied by, or otherwise associated with, Defendants RH and/or Honeywell.

Given the foregoing, **IT IS FINALLY ORDERED** that responsive pleadings to the Fourth Amended Complaint are to be filed no later than fifteen (15) days from the filing date of the Fourth Amended Complaint; and upon the filing of responsive pleadings, a scheduling conference with Section "N" Case Manager Cherie Stouder shall be promptly scheduled and held.

New Orleans, Louisiana, this 16th day of February 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**